OPINION
{¶ 1} Defendant Timothy Wilson appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him on two counts of assault in violation of R.C. 2903.13, fourth degree felonies, and four counts of assault in violation of R.C. 2903.13, fifth degree felonies. The court sentenced appellant to eighteen months on the two fourth degree assault charges, and twelve months on each of the four counts of fifth degree assault. The court ordered all sentences to run concurrently with one another, as a determinate eighteen month prison term. Appellant assigns a single error to the trial court:
 {¶ 2} "The trail court erred in imposing the maximum sentence."
 {¶ 3} The record indicates that during the course of an arrest, appellant assaulted two Canton Police Officers, and upon being taken to the county jail, appellant then assaulted four corrections officers.
 {¶ 4} R.C. 2929.14 states in pertinent part:
 {¶ 5} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 6} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 7} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 8} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 9} "(5) When consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), or (4) of this section, the term to be served is the aggregate of all of the terms so imposed."
 {¶ 10} Appellant argues the trial court failed to make the requisite findings needed to justify a maximum sentence.
 {¶ 11} In State v. White (1999), 135 Ohio App.3d 481,734 N.E.2d 848, the court found a trial court is not required to utter any magic specific words, but it must make its findings clear on the record.
 {¶ 12} In its judgment entry on the change of plea sentencing, filed April 12, 2002, the court stated it considered the record, oral statements, any victim impact statements and pre-sentence report prepared, as well as the principle and purposes of sentencing pursuant to R.C. 2929.11, and had balanced the seriousness and recidivism factors of R.C. 2929.12.
 {¶ 13} The court found appellant had served a previous prison term, and had attempted to do physical harm to a person.
 {¶ 14} At the sentencing hearing, the court gave both defense counsel and the appellant the opportunity to speak in mitigation. Thereafter, the court addressed the appellant, and stated that eighteen months in prison is an appropriate sentence in this regard because of the previous crimes he had committed, and the fact that his prior prison sentence did not appear to have produced the proper effect upon appellant.
 {¶ 15} We have reviewed the record, and we find the trial court made the necessary findings to support the imposition that the maximum sentence available, and the record supports the trial court's findings.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Farmer, J., and Wise, J., concur.
criminal law — maximum sentences.